NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAY DEE BEATTE, JR., *Petitioner*.

No. 1 CA-CR 24-0027 PRPC

FILED 12-03-2024

Petition for Review from the Superior Court in Mohave County
No. S8015CR201600440
The Honorable Douglas Camacho, Judge *Pro Tempore*

**REVIEW DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Jacob Cote
*Counsel for Respondent*

Jay Dee Beatte, Jr., Florence
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**        Jay Dee Beatte, Jr. petitions this court to review the superior court's partial decision on his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32.16. We deny review.

**¶2**        A jury convicted Beatte of one count of molestation of a child, a class 2 felony, and the superior court sentenced him to 28 years in prison. *See* A.R.S. § 13-1410. We affirmed the conviction and sentence on direct appeal. *State v. Beatte*, 1 CA-CR 21-0513, 2022 WL 2813521, at *2, ¶ 10 (Ariz. App. Jul. 19, 2022) (mem. decision).

**¶3**        Beatte timely requested post-conviction relief. After his attorney could find no colorable claim to raise, Beatte filed a *pro se* PCR petition. He raised claims that the indictment was defective, he received an illegal sentence, the superior court improperly admitted other act evidence, the State withheld exculpatory evidence, the court should have given an adverse-inference jury instruction according to *State v. Willits*, 96 Ariz. 184 (1964), and his trial attorney provided ineffective assistance.

**¶4**        The superior court scheduled an evidentiary hearing on Beatte's claim that his attorney provided ineffective assistance "as to the witnesses called at the trial and as to the closing arguments that were made." The court summarily denied Beatte's other claims on various grounds.

**¶5**        Before the hearing occurred, Beatte petitioned this court to review the superior court's rulings on all but one of the claims it had summarily denied. Beatte noted that the court scheduled a hearing on certain aspects of his ineffective assistance claim and said he was "preserv[ing]" those issues for a "future suppl[e]mental brief to his Petition for Review if necessary." In its response, the State asked this court to deny review because the superior court had not yet entered a "final" decision on Beatte's petition. *See* Ariz. R. Crim. P. 32.16(a)(1). In his reply, Beatte argued

that the superior court's order about the dismissed claims was "final" and thus reviewable. In the alternative, he asked this court to stay review pending a final decision after the evidentiary hearing.

**¶6**         Rule 32.16(a)(1) allows a defendant to seek review of the superior court's "final decision on a [PCR] petition or a motion for rehearing, or the dismissal of a [PCR] notice." *See* A.R.S. § 13-4239(C). Beatte petitioned for review before the superior court entered its final decision on his PCR petition.

**¶7**         No provision of Rule 32.16 allows a party to seek a piecemeal review of individual issues decided before the superior court has resolved all issues in a PCR petition. Had our supreme court intended to permit appellate review of a partial decision on a PCR petition, it would have adopted a provision comparable to Arizona Rule of Civil Procedure 54(b). It has not done so. We therefore conclude that review is improper under the circumstances.

**¶8**         Our decision here is without prejudice to Beatte seeking review after the superior court's final decision on his petition. The record reflects that the evidentiary hearing on Beatte's petition was set to occur several months ago. Still, our record contains no information about the outcome of that hearing or the court's final decision on Beatte's petition.

**¶9**         For these reasons, we deny review.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

3